

# In the Missouri Court of Appeals
# Eastern District
## DIVISION THREE

| | | |
|---|---|---|
| LINDSEY SETZER and MICHAEL SETZER, | ) ) ) | No. ED107369 |
| Respondents - Cross-Appellants, | ) ) | Appeal from the Circuit Court of St. Louis County |
| vs. | ) ) | Honorable Michael T. Jamison |
| SSM HEALTH CARE ST. LOUIS, | ) ) | |
| Appellant - Cross-Respondent. | ) | Filed: December 24,2019 |

## OPINION

In this medical-malpractice and wrongful-death action, SSM Health Care St. Louis appeals from the trial court's judgment entered on the jury verdicts in favor of plaintiff Lindsey Setzer on her personal-injury claim, and in favor of Lindsey and her husband Michael Setzer on their wrongful-death claim for the loss of their unborn baby. SSM alleges the trial court erred in not reducing the judgment by the amount of the settlement between the Setzers and Dr. Joseph G. Herrmann, a joint tort-feasor of SSM. SSM's allegation is well-taken. Given SSM's request, the parties' stipulations, and the statutory provisions of Section 537.060 governing contributions among tort-feasors, we hold that the trial court should have applied the reduction. We thus affirm the trial court's judgment in all respects except as to reduction under Section 537.060.

We reverse the trial court's judgment with respect to reduction, and remand the case to the trial court for further proceedings.[1]

### Factual and Procedural Background

The Setzers' case stems from care Mrs. Setzer received at SSM St. Clare Health Center.[2] Mrs. Setzer presented to St. Clare's emergency department complaining of severe pain, nausea, vomiting, heartburn, abdominal pain, and a loss of appetite. Mrs. Setzer was fourteen weeks pregnant at the time. After a short admission of about sixteen hours, during which Mrs. Setzer's condition worsened, Mrs. Setzer was discharged with an undiagnosed and untreated urinary tract infection.

The infection developed into sepsis. Hours after discharge, Mrs. Setzer drove to Mercy Hospital in St. Louis with additional pain. She was admitted to the ICU, where she lapsed into a coma and was near death. Mrs. Setzer remained in the ICU for seven days, and was in the hospital for a total of ten days. The Mercy doctors diagnosed Mrs. Setzer as having a urinary tract infection, kidney stones, and sepsis. Thereafter, Mrs. Setzer lost her unborn baby.

The Setzers sued SSM Health Care St. Louis and Dr. Herrmann, the on-call OB-GYN at St. Clare's who was consulted to undertake Mrs. Setzer's care. Mrs. Setzer sued for personal injuries she suffered as a result of the untreated infection. Mr. and Mrs. Setzer jointly brought a wrongful-death suit for the death of their unborn baby boy.

The Setzers settled with Dr. Herrmann, and then proceeded to trial against SSM. The jury found in favor of the Setzers and against SSM, on both the personal-injury negligence claim and the wrongful-death claim. The jury found SSM liable for the actions of both Dr. Herrmann and Nurse Amy Farr. SSM has appealed, raising a host of alleged errors on the part of the trial

---

[1] We deny the Setzers' pending motion to strike SSM's brief and its motion to dismiss SSM's appeal for violations of Rule 84.04.

[2] Appellant SSM admitted in its answer that it owned and operated St. Clare's.

court. In this decision, we address the one allegation with merit regarding the requested and stipulated-to reduction in the judgment.

*Discussion*

SSM maintains it is entitled to a reduction in the judgment entered against it by the amount of the settlement paid to the Setzers by Dr. Herrmann. The trial court entered judgment consistent with the jury verdicts without reducing the amount of assessed damages by the amount of the settlement between the Setzers and Dr. Herrmann, despite SSM's requests and the parties' stipulations regarding the reduction. SSM alleges the trial court erred in not applying the reduction. SSM is correct.

Section 537.060 RSMo directs that a defendant's liability shall be reduced by the amount of settlements entered between a plaintiff and other joint tort-feasors. *Sanders v. Ahmed*, 364 S.W.3d 195, 211 (Mo. banc 2012).[3] This statutory section implements the common-law rule that a plaintiff is entitled to only one satisfaction for the same wrong. *Stevenson v, Aquila Foreign Qualifications Corp.*, 326 S.W.3d 920, 925 (Mo. App. E.D. 2013). "Under common law, when a judgment for a wrong is rendered against one who is a joint tort-feasor, and the judgment is satisfied, the plaintiff cannot recover another satisfaction for the same wrong." *Gibson v. City of St. Louis*, 349 S.W.3d 460, 466 (Mo. App. E.D. 2011)(internal quotation omitted). The receipt of full satisfaction from either tort-feasor for the wrong for which both are liable would bar plaintiff's recovery from the other for the same injury." *Stevenson*, 326 S.W.3d at 925. Correspondingly, "when the injured plaintiff settles with one of the tort-feasors for a portion of

---

[3] Section 537.060 governs contribution between tort-feasors, and states in relevant part that:

> When an agreement by release, covenant not to sue or not to enforce a judgment is given in good faith to one of two or more persons liable in tort for the same injury or wrongful death, such agreement shall not discharge any of the other tort-feasors for the damage unless the terms of the agreement so provide; however *such agreement shall reduce the claim by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater*.

(Emphasis added).

the wrong for which each is liable, the injured person still retains her cause of action against the other tort-feasors and recovery may be had for the balance of the injury." *Stevenson*, 326 S.W.3d at 925 (internal quotation omitted).

SSM timely and repeatedly raised this issue at each stage of litigation. SSM pleaded the request as an affirmative defense in its answer. *Sanders*, 364 S.W.3d at 211 (noting that a reduction under Section 537.060 is a satisfaction of an amount owed, and must be pleaded and proved as an affirmative defense). SSM specifically mentioned the settlement between the Setzers and Dr. Herrmann, and specifically requested a credit under Section 537.060 for the settlement payment made by or on behalf of Dr. Herrmann.

The Setzers clearly stipulated to the reduction on at least two occasions. On the first day of trial, in open court, before *voir dire* began, and out of the presence of the venire panel, SSM again raised the issue of the settlement between the Setzers and Dr. Herrmann. At SSM's request, counsel for the Setzers expressly and clearly stipulated that should there be an adverse verdict and judgment entered against SSM, that SSM would be entitled to a credit on that judgment in the amount of the settlement between the Setzers and Dr. Herrmann. The Setzers also stipulated that SSM did not need to plead or prove that there was, in fact, a payment.

The Setzers' counsel again stipulated to the reduction after trial, in chambers, at arguments on SSM's post-trial motion. In fact, it was the Setzers' counsel who first brought the matter to the court's attention during that conference, informing the trial court that, although the Setzers believed that SSM's post-trial motion should be denied, "[w]e do believe that the judgment needs to be amended because they're entitled to a credit…." Counsel for SSM recounted the stipulation for the court, stating that by stipulation, the amount of the settlement between the Setzers and Dr. Herrmann had to be applied to the judgment. The Setzers' counsel

expressly agreed with counsel's recitation that the judgment had to be reduced. It appears the trial court was well-aware of the request, as it clarified during that conference how much credit should be applied.

When, as here, the issues relating to prior settlement payments are undisputed, the proper procedure is as follows:

> The parties should make a record out of the hearing of the jury regarding undisputed prior settlement payments made either as an advancement by the defendant or as a partial settlement payment by a joint tort-feasor. The trial judge, as a matter of law, then will take any prior payments into consideration and will credit them on the damages assessed by the jury's verdict as required by law.

*Gibson*, 349 S.W.3d at 465 (quoting MAI 1.06 Committee Comment [1983 New]). The trial court, however, did not apply a reduction. Given the parties' stipulations, and the provisions of Section 537.060, the trial court should have applied the reduction.

Two claims and verdicts exist in this case, each with different parties. A confidential amount of settlement also exists. We thus remand the cause to the trial court to appropriately apply the reduction as agreed to by the parties.

SSM raised thirteen other points on appeal. The Setzers raised one point on cross-appeal. We deny those points. Rule 84.16(b)(5). An opinion discussing those points would have no precedential value. We have, however, furnished the parties with a memorandum, for their information only, setting forth the reasons for our decision.

### *Conclusion*

We affirm the trial court's judgment in all respects except as to reduction under Section 537.060. We reverse the trial court's judgment with respect to reduction under Section 537.060, and remand the case to the trial court for further proceedings.

_____
Angela T. Quigless, J.

Mary K. Hoff, P.J., and Sherri B. Sullivan, J.,concur.